IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTA DAVIS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No.    CIV-04-245-F |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|        Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed her application for DIB on July 24, 2001 alleging a disability since October 1, 2001 (TR. 67-69). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 46-47). Pursuant to the Plaintiff's request, a hearing de novo was held before an administrative law judge (ALJ) on March 12, 2003 (TR. 22-45). The Plaintiff appeared in person and with her attorney representative and offered her testimony in support of the application (TR. 25-35). A vocational expert (VE) also testified at the request of the ALJ (TR. 35-44). The ALJ issued his decision on May 9, 2003 finding that Plaintiff was not entitled to DIB (TR. 14-20). The

Appeals Council denied the Plaintiff's request for review on January 15, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of Casias v. Secretary of Health & Human Services, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citations omitted). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (citations omitted). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (citations omitted). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (citations omitted).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (citations omitted).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 19). At step two, the ALJ concluded that Plaintiff had severe impairments due to disorders of the gastrointestinal system and a history of irritable bowel syndrome (TR. 17, 19). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix

1 (TR. 19). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 19). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 19-20).

On appeal to this Court, Plaintiff alleges (I) that the ALJ improperly disregarded the opinion of her treating physician; (II) that the ALJ erred in determining Plaintiff's credibility and her RFC; and (III) that the ALJ's vocational findings were not supported by substantial evidence.

MEDICAL EVIDENCE

In December 2001 Plaintiff underwent a consultative examination performed by S.A. Chaudry, M.D., who reported that Plaintiff had no diarrhea, constipation, abdominal pain or swelling; and that her bowel sounds were "well heard" (TR. 147-148). Dr. Chaudry's impression included Gastroesophageal Reflux Disease (GERD) and irritable bowel syndrome (TR. 148). Medical records from Plaintiff's treating physician, Michael Grossman, M.D. (gastroenterology) show that she was seen by Dr. Grossman in October and November 2001 complaining of frequent bowel movements, diarrhea and gas for which Dr. Grossman prescribed medication (TR. 157, 155, 156). In April and July 2002 Plaintiff was examined by M. Forth, M.D., who stated that Plaintiff's abdominal exam was unremarkable; and that she had gastric "dumping syndrome" for which medications were prescribed (TR. 202-A, 200). In a document dated March 17, 2003 and titled "Interrogatories to Treating Physician" Dr. Grossman indicates that Plaintiff experiences pain, diarrhea and heartburn as a result of her medical conditions of "reflux" and "irritable bowel" (TR. 205, 204). Dr. Grossman also responded "yes" when posed the following hypothetical questions:

> If Ms. Davis complains that she has diarrhea on a daily basis, and
>
> on up to 50% of the days, she has uncontrolled diarrhea 4 to 7 times a day, would such complaint be credible and consistent with the medical findings?
>
> If Ms. Davis complains of daily abdominal cramping and abdominal
>
> pain, would such complaints be credible and consistent with the medical findings?

At the hearing Plaintiff testified that she had about six or seven bowel movements a day which were a combination of normal bowel movements and diarrhea; and that she also had frequent cramping, intestinal gas and twice weekly bowel accidents (TR. 28, 33-34). She testified that on a good day she has "three or four" bowel movements and that on a bad day she has "about eight" bowel movements (TR. 31). Plaintiff further testified that she can prevent the rapid and uncontrollable bowel movements by not eating prior to going out in public or going to work (TR. 11-12). In her October 2001 disability application Plaintiff reported that her condition had worsened in that she was "using bathroom 4&5" times a day" (TR. 84).

# I.

Plaintiff contends that the ALJ improperly disregarded the opinion of her treating physician, Dr. Grossman (See Plaintiff's Opening Brief at p. 7-9). The interrogatories propounded to Dr. Grossman do not rise to the level of a medical opinion, rather, they are hypothetical questions to which Dr. Grossman responds in the affirmative (TR. 204-205). Two of the questions asked Dr. Grossman, shown above, solicit only his agreement as to whether Plaintiff's hypothetical complaints are credible and consistent with the medical findings. Both Dr. Grossman and the ALJ appear in agreement that Plaintiff's complaints are credible and consistent with the medical findings. The ALJ acknowledges these complaints in his decision when he states that "she does require going to the restroom a lot, however, not enough to preclude all work" (TR. 17).

Other than his diagnoses of reflux and irritable bowel syndrome, Dr. Grossman offered no other medical opinion as to the nature and severity of Plaintiff's impairments nor did he place any restrictions on Plaintiff's activities (TR. 157-158). Thus, it appears that the ALJ properly evaluated the medical evidence from Plaintiff's treating physician, Dr. Grossman.

# II.

Plaintiff urges on appeal that the ALJ erred in his credibility analysis. The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529 and 416.929, and were addressed by the Tenth Circuit Court of Appeals in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. Id. at 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." Id. Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

Id. at 164.

The mere existence of pain is insufficient to support a finding of disability. The pain must be considered "disabling." Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988) ("Disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.").

In Kepler v. Chater, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with Luna, and provide the reasoning which supports the decision as opposed to mere conclusions. Id. at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

Id. at 391. The Court specifically noted that the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Id. at 391. The Tenth Circuit remanded the case, requiring the Secretary to make "express findings in accordance with Luna, with reference to relevant evidence as appropriate, concerning claimant's claim of disabling pain." Id. at 391.

In the present case the ALJ reached step three of the Luna analysis and in assessing the credibility of the Plaintiff followed the dictates of Kepler by providing a meaningful discussion of the

evidence which linked specific evidence to his findings (TR. 17-18).

In accordance with Luna and Kepler, the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff. The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993); See Luna, at 165 (10th Cir. 1987). Further, Although Plaintiff complained of disabling pain and claimed that she was unable to work because of unremitting diarrhea and gas, none of Plaintiff's doctors provided explicit confirmation of the existence of a disabling condition and this absence of confirmation detracted from Plaintiff's credibility. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Huston v. Bowen, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court. See Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. Kepler at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

Plaintiff also argues that the ALJ's erred in his RFC determination because he failed to determine whether Plaintiff's need for frequent bathroom breaks would affect her ability to return to her PRW (See Plaintiff's Brief at page 10). At the hearing the VE testified that employees are generally allowed scheduled breaks throughout the workday, usually every one to two hours; and that it is during these 5-15 minute breaks that employees are allowed to use the restroom (TR. 38). The VE further testified that unscheduled bathroom breaks would likely be allowed so long as "it's a

quick trip there and back" and the employee is not exceeding the total time allotted for schedule breaks (TR. 38). The VE also testified that Plaintiff's PRW as a foster care parent would be performed in Plaintiff's home, thus avoiding any difficulty with unscheduled bathroom breaks (TR. 38).

Thus, it appears from the record that the ALJ's credibility and RFC determinations were supported by substantial evidence and should not be disturbed on appeal.

## III.

Plaintiff also argues that the ALJ's vocational findings were not supported by substantial evidence. The ALJ determined that Plaintiff could perform her PRW as a "foster parent (care), sales clerk and customer service" (TR. 19). The record provides substantial evidence that Plaintiff is able to perform her past relevant work.

Social Security Regulation 82-62 requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
>
> …The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.

Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994); Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 361 (10th Cir. 1993). The ALJ made the specific findings necessary to support his conclusion that Plaintiff could perform her PRW. The ALJ found that Plaintiff had the RFC to perform medium work on a sustained basis (TR. 19). The ALJ further found that the

physical and mental demands of Plaintiff's prior work as a foster parent were classified as medium, semiskilled work; and that her work as a sales clerk and customer service representative were classified as light semiskilled work (TR. 18). The ALJ further found that the Plaintiff's RFC permitted a return to her PRW (TR. 18).

Plaintiff argues that her two prior work attempts were unsuccessful only because of her need for frequent bathroom breaks (TR. 29-30). Plaintiff's own testimony is the only evidence offered of her inability to perform PRW. Plaintiff also appears to be arguing that the ALJ, despite the testimony of the VE as to general workplace policy on scheduled and unscheduled bathroom breaks, erred in not determining with precision what constitutes excessive bathroom breaks (See Plaintiff's Reply Brief at p. 4). On this issue the VE's testimony is adequate and provides substantial evidence upon which the ALJ may rely (TR. 37-38).

Plaintiff's statements standing alone are insufficient to establish that she has a physical impairment or limitation. 20 C.F.R. §§404.1528(a), 416.928(a). The medical record fails to support the degree of limitation claimed by Plaintiff. When the evidence is such as to present varying inferences, the Court should not disturb the ALJ's findings or otherwise, it would be engaging in fact finding, which it should not do. Tiller v. Schweiker, 713 F.2d 601, 603 (10th Cir. 1983). Further, it must be remembered that at step four of the process it was still the Plaintiff's burden to show that she was unable to perform her PRW. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

Thus, it appears that the ALJ's vocational findings were supported by substantial evidence.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence

and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 22nd day of August, 2005.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE