## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ETTA DAVIS,                        )
                                   )
            Plaintiff,             )
                                   )
vs.                                )      Case No. CIV-04-0245-F
                                   )
JO ANNE B. BARNHART,               )
Commissioner, Social Security      )
Administration,                    )
                                   )
            Defendant.             )

## ORDER

Before the court are plaintiff's "Objections to the Report and Recommendations" of Magistrate Judge Shon T. Erwin (Objections at doc. no. 22; Findings and Recommendation at doc. no. 19), and the Commissioner's "Opposed Motion to Reverse and Remand" (doc. no. 29). The parties have responded, and these matters are ready for determination.

This is an action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration, denying plaintiff's application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. The Findings and Recommendation of Magistrate Judge Shon T. Erwin recommend that the decision of the administrative law judge denying benefits be affirmed.

Plaintiff Etta Davis objects to the magistrate judge's recommendation on grounds of claim preclusion (res judicata), issue preclusion (collateral estoppel), estoppel, and waiver. The Commissioner asks the court to remand this action to a different administrative law judge to consider the conflict between the ALJ's two

previous decisions and to call for medical expert evidence to aid in the determination of disability, if necessary.

During the pendency of this action, plaintiff filed a subsequent application for benefits under the Social Security Act, and on March 25, 2005, an administrative law judge[1] issued a fully favorable decision on that subsequent application finding Ms. Davis disabled from October 1, 2001. (A copy of the favorable decision is attached to plaintiff's Objections.)  Plaintiff argues, and the court agrees, that this fully favorable decision became the final decision of the Commissioner sixty days after March 25, 2005, because the Appeals Council did not request review of the decision. *See*, 20 C.F.R. § 404.969.  This fully favorable March 25, 2005 decision covered the same time period and the same medical conditions as the unfavorable decision which is the subject of this appeal.  The Commissioner does not argue otherwise.  Moreover, Ms. Davis represents that the March 25, 2005 decision has been implemented and that monthly benefits have begun to be paid.

The only dispute is over the effect of the prior, favorable decision on this action and what should happen next. In light of the prior favorable decision and the subsequent unfavorable decision which is the subject of this action, the Commissioner argues that this action should be remanded under the fourth sentence of § 405(g) to a different ALJ to consider the conflict in the two decisions and to hear additional medical expert evidence, if necessary, in order to resolve the conflict.  Ms. Davis, on the other hand, argues that the earlier favorable decision precludes any different, less favorable result in this action.

The court agrees with Ms. Davis. Preclusion doctrines apply in the administrative law context to social security claimants and the Commissioner.

---

[1]The same ALJ who issued the fully favorable decision on March 25, 2005, also issued the unfavorable decision which is the subject of this appeal.

<u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837 (6th Cir. 1997).  The Commission has not suggested any reason why preclusion should not apply here; it has merely proposed a remand so that the conflict may be considered by a new ALJ and so that additional evidence may be taken.  But the law itself, via preclusion doctrines, operates to resolve any conflicts between the two decisions.  That law decides all conflicts in favor of the earlier decision, and so no further consideration of any issues and no additional evidence is allowed.  For these reasons, the court finds and concludes that the unfavorable decision of the administrative law judge and the magistrate judge in this action should be  reversed as precluded[2] and that Ms. Davis is entitled to benefits consistent with the findings stated in the prior, March 25, 2005 decision.

Thus, although the court agrees with the Commissioner that the proper procedure is for Magistrate Judge Erwin's Findings and Recommendation to be reversed  and for this action to be  remanded, the reversal and the remand are not for the reasons and purposes argued by the Commissioner.  There is no need for any further hearings or argument, for any further consideration of the conflict between the two decisions, or for any additional evidence to be taken.  The sole purpose of the remand is to award benefits to Ms. Davis in accordance with the determinations made in the prior, fully favorable decision of March 25, 2005, which determined that Ms. Davis was disabled as of October 1, 2001.[3]

---

[2]There is no indication that the prior decision was ever brought to Magistrate Judge Erwin's attention, during the pendency of his review of this action, so his Report and Findings were issued without knowledge of the prior, favorable decision.

[3]This result makes it unnecessary to consider Ms. Davis' other grounds for objecting to the Findings and Recommendation of the Magistrate Judge.

<u>Conclusion</u>

After careful consideration of the parties' submissions, the record, and the authorities, the Findings and Recommendation of Magistrate Judge Erwin are **REVERSED**; plaintiff's "Objections to the Report and Recommendations of the Magistrate" are **GRANTED**; the Commissioner's "Opposed Motion to Reverse and Remand" is **DENIED** except to the following extent; the Commissioner's motion is **GRANTED** to the limited extent that the Commissioner asks the court to reverse the magistrate judge and remand this action; the Findings and Recommendation of the magistrate are **REVERSED**, but not for the reasons argued by the Commissioner; rather, the Findings and Recommendation are reversed  because the March 25, 2005 decision precludes any result which is inconsistent with the March 25, 2005 decision; the Commissioner's request for a remand is also **GRANTED**, but this action is **REMANDED** not for the purposes requested by the Commissioner; rather, the action is remanded only for the purpose of awarding benefits to the plaintiff in a manner consistent with the fully favorable findings contained in the March 25, 2005 decision.

Dated this 21st day of December, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0245p007(pub).wpd